1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                        No.  2:10-cr-0387 KJM

12                    Plaintiff,

13           v.                                        ORDER

14    ALBARO OCHOA ABURTO,

15                    Defendant.

16

17           Defendant Albaro Ochoa Aburto, proceeding pro se[1], has filed a motion to reduce his

18    sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 101, together with an amendment and two

19    supplements thereto, ECF Nos. 106, 107, 109.  Defendant relies on Amendment 782 to U.S.S.G.

20    § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses.

21    The Amendment applies retroactively to defendants sentenced prior to its effective date.  *See*

22    *Serrano v. United States,* 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.  On February 9, 2016,

23    the government filed an opposition to defendant's motion.  ECF No. 111.  Although given an

24    opportunity to do so, *see* ECF No. 116, defendant has not filed a reply.  After consideration of the

25    moving papers, the relevant parts of the record, and applicable legal principles, the court hereby

26    denies defendant's motion.

27    _____

28    [1] On June 12, 2015, the Office of the Federal Defender filed notice that it did not recommend
      appointment of counsel to represent defendant on the instant motion.  *See* ECF No. 104.

                                                    1

On February 21, 2012, defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1).  *See* ECF Nos. 52, 62.  On August 8, 2012, defendant was sentenced to 60 months in prison on the firearm conviction and a consecutive 24 month term on the marijuana manufacturing conviction.  ECF No. 84.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582, which provides in relevant part:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.'"  *Id.* at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827 (internal citation omitted)).  Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range.  *Id.* at 1155.  However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

---

[2] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B)  Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment

1          Here, defendant's marijuana manufacturing offense involved 321.872 kilograms of

2  marijuana.  PSR ¶ 17.[3]  At the time of defendant's sentencing, the sentencing guidelines provided

3  a base offense level of 26 for that quantity of drugs.  *Id*.; U.S.S.G. §2D1.1(c)(7)(2011).[4]

4  Defendant received a two level reduction for being a minor participant in the offense, a two level

5  reduction for acceptance of responsibility, and a one level reduction in anticipation of a motion by

6  the government for timely notification of an intent to plead guilty, making his total offense level

7  21.  PSR ¶¶ 20-23.  His criminal history category was III, PSR ¶ 32, making his sentencing

8  guideline range 46 to 57 months in prison for the drug offense.  PSR ¶ 47.  In the plea agreement,

9  the parties agreed to a total sentence of 84 months in prison on both counts.  ECF No. 53 at 2.

10  The probation officer recommended that defendant be sentenced to 60 months on the firearm

11  count and a consecutive 46 month sentence on the drug count, for a total sentence of 106 months.

12  PSR ¶ 51.  The court sentenced defendant to a total of 84 months in prison, including 24 months

13  on the drug offense, departing downward for the reasons set forth in the Statement of Reasons

14  (SOR) filed under seal concurrently with this order.  *See* Statement of Reasons at 3.

15          Amendment 782 lowered to 24 the base offense level for the quantity of drugs involved in

16  defendant's offense.  U.S.S.G. §2D1.1(c)(8)(2014).  With the five level reduction defendant's

17  total offense level would be 19 which, combined with a criminal history category of III, would

18  result in a sentencing guideline range of 37 to 46 months in prison on the drug count.  U.S.S.G.

19  Sentencing Table (2014).  As noted above, defendant was sentenced to 24 months in prison on

20  that count.  As set forth in the SOR filed under seal concurrently with this order, the court's

21  decision at the time of sentencing to depart downward from the bottom of the guideline range was

---

provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[3] A copy of the April 20, 2012 Presentence Investigation Report (PSR) prepared for defendant's sentence is filed under seal concurrently with this order.

[4] The 2011 Guidelines Manual was used in the preparation of defendant's PSR.  PSR ¶ 13.

not due to a motion by the government. Thus, Amendment 782 does not authorize a reduction in defendant's sentence.  *See* U.S.S.G. 1B1.10.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendant Albaro Ochoa Aburto's motion to reduce sentence, ECF No. 101, is denied; and

2.  The Clerk of the Court is directed to file under seal the April 20, 2012 Presentence Investigation Report for defendant and the court's Statement of Reasons.

DATED:  December 5, 2016.

_____
UNITED STATES DISTRICT JUDGE